**Delia E. ROSADO, Plaintiff-Appellant,**

v.

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant-Appellee.**

**No. 950, Docket 86–6258.**

United States Court of Appeals, Second Circuit.

Argued March 16, 1987.

Decided July 16, 1987.

Gail Berritt, Law Student Intern, Brooklyn, N.Y. (Minna J. Kotkin, Supervising Attorney, Ellen Bate, Law Student Intern, BLS Legal Services Corp., Brooklyn, N.Y., of counsel) for plaintiff-appellant.

Jeffrey A. Coryell, Asst. U.S. Atty., Brooklyn, N.Y. (Andrew J. Maloney, U.S. Atty., Robert L. Begleiter, Asst. U.S. Atty., Brooklyn, N.Y., Barbara Spivak, Deputy Chief Counsel, Kathleen A. Mahoney, Michelle J. Ritholz, Asst. Regional Counsel, Dept. of Health and Human Services, Brooklyn, N.Y., of counsel) for defendant-appellee.

Before KAUFMAN, MINER and MAHONEY, Circuit Judges.

MINER, Circuit Judge:

Delia E. Rosado appeals from an order of the United States District Court for the Eastern District of New York (Weinstein, Ch. J.) denying her application for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (1982 & Supp.

III 1985) ("EAJA"). Rosado claimed entitlement to both social security disability benefits and social security supplemental income. After a hearing before an Administrative Law Judge ("ALJ"), her claims were denied by the Secretary of Health and Human Services (the "Secretary"). Rosado then brought suit in the district court, which appointed counsel and remanded for a second hearing. After new medical evidence was presented documenting her impairments, a second ALJ ruled that Rosado was disabled, having met the requirements set forth in the Obesity Listings, 20 C.F.R. §§ 404.1501 *et seq.*, app. § 10.10 (1986), but as of more than two years later than she had alleged. Rosado thereafter sought attorney's fees as a prevailing party under the EAJA. The district court denied her application, finding that the Secretary's position at the first hearing was substantially justified.

Because documentation of the severity of Rosado's medical complaints was lacking until the second hearing, we hold that the Secretary's initial position was substantially justified, and we therefore affirm.

## I. BACKGROUND

Delia E. Rosado applied for social security disability insurance benefits on September 28, 1982, alleging disability due to cardiac arrythmias and high blood pressure, and for supplemental security income benefits on May 24, 1983, alleging disability due to arthritis, headaches and a cardiac condition. She alleged a disability onset date of January 31, 1981. Both applications were denied initially and upon reconsideration by the Secretary of Health and Human Services.

At a hearing on September 12, 1983, ALJ Manuel Taxel received medical records into evidence and questioned Rosado, appearing *pro se,* on her medical and vocational history. On February 24, 1984, the ALJ issued his decision. While he found that Rosado suffered from a number of ailments, including serious weight problems, he concluded that Rosado retained the capacity to work as a sewing machine operator, and ruled that she was not disabled. The Ap-peals Council subsequently concluded that there was no basis to grant her request for review of the ALJ's determination.

On June 22, 1984, Rosado commenced an action in the United States District Court for the Eastern District of New York. The district court appointed counsel and remanded the action to the Secretary for reconsideration. At the second hearing, new evidence was introduced, including additional clinical findings from her treating physician, Dr. Brutus, a medical report from a consulting physician, Dr. Lazarus, testimony from the medical adviser to the ALJ, Dr. Wagman, and new x-ray evidence. In his report, Dr. Brutus diagnosed diabetes with related arterial insufficiency, venous insufficiency and edema, and arthritis of the knees and spine. He noted that these conditions resulted in a functional limitation: sitting for any period of time would be painful unless Rosado's legs could be elevated. Dr. Lazarus, in his report, diagnosed coronary artery disease, hypertension, diabetes mellitus and arthritis in multiple joints, noting that an "X-ray of [Rosado's] knee shows generalized osteoporosis and mild osteoarthritis." He concluded that Rosado's "most severe impairment results from pain and decreased motion of the cervical spine and the major weight bearing joints." Dr. Wagman testified that, in light of the new x-ray evidence of osteoarthritis and osteoporosis involving the knees, Rosado met the disability criteria of section 10.10(A) of the Obesity Listings, 20 C.F.R. §§ 404.1501 *et seq.*, app. § 10.10(A) (1986). In addition, Rosado testified as to her pains, physical restrictions, and ambulatory difficulties.

Based on this evidence, the ALJ ruled that Rosado had been disabled since March 31, 1983. In concluding that the requirements of section 10.10(A) were satisfied, the ALJ emphasized Dr. Wagman's testimony that Rosado's obesity "was associated with arthritic involvement in a weight bearing joint with pain and limitation of motion." The ALJ also found that Rosado met the requirements of section 10.10(D)—obesity coupled with chronic venous insufficiency and persistent edema. Rosado has

not sought judicial review of the determination that she was disabled only as of March 31, 1983.

Rosado thereafter applied for attorney's fees under the EAJA, 28 U.S.C. § 2412(d)(1)(A). The district judge denied her application on October 2, 1986, stating:

It is true on the record at the first administrative hearing it was not possible to say that another view couldn't be taken. For that reason I did appoint counsel. I can't say that had the administrative law judge made further inquiry he would have developed the same record that was developed with counsel. It is just too speculative.

District Court Transcript at 8. This appeal followed.

## II. DISCUSSION

■ The EAJA provides that a court "shall award" attorney's fees and other expenses to a party who prevails against the United States in a civil suit (other than a tort action) "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Congress enacted the EAJA in 1980 to encourage private parties with limited funds to challenge unreasonable government actions by relieving successful litigants of litigation expenses when the government's position was not substantially based in law and fact. *See* H.R.Rep. No. 1418, 96th Cong., 2d Sess. 9–10, *reprinted in* 1980 U.S. Code Cong. & Admin. News 4953, 4984, 4988. Under the EAJA, the government bears the burden of proving substantial justification for its actions. *Id.* at 13, 18, *reprinted in* 1980 U.S. Code Cong. & Admin. News at 4992, 4997; *Environmental Defense Fund, Inc. v. Watt,* 722 F.2d 1081, 1085 (2d Cir.1983).

Although the phrase "substantially justified" was not defined explicitly in the 1980 enactment, the legislative history of the 1980 version of the EAJA indicated that "[t]he test of whether or not a government action is substantially justified is essentially one of reasonableness. In order to defeat an award, the government must show

that its case had a reasonable basis in law and fact." H.R.Rep. No. 1418, *supra,* at 13, *reprinted in* 1980 U.S.Code Cong. & Admin. News at 4992. We explicitly adhered to that test in *Environmental Defense Fund:* "The test for determining whether the government's position is substantially justified is 'essentially one of reasonableness.'" *Environmental Defense Fund,* 722 F.2d at 1085 (quoting H.R.Rep. No. 1418, *supra,* at 10, *reprinted in* 1980 U.S. Code Cong. & Admin. News at 4989).

Appellant contends that we should reexamine our definition of "substantially justified" because of language contained in the committee report accompanying the 1985 reenactment of the EAJA. *See* H.R.Rep. No. 120, 99th Cong., 1st Sess. 9 ("Several courts have held correctly that 'substantial justification' means more than merely reasonable.... [T]he test must be more than mere reasonableness."), *reprinted in* 1985 U.S. Code Cong. & Admin. News 132, 138. Appellant asserts that this language mandates rejection of a test of "mere reasonableness." The Secretary counters that the legislative history is inconclusive.

The 1985 reenactment has resulted in substantial conflict among the circuits. While some circuits have adopted a stricter test requiring more than "mere reasonableness," *see, e.g., Riddle v. Secretary,* 817 F.2d 1238, 1244 (6th Cir.1987); *Haitian Refugee Center v. Meese,* 791 F.2d 1489, 1497 (11th Cir.), *vacated in part on reh'g on other grounds,* 804 F.2d 1573 (11th Cir.1986); *Gavette v. Office of Personnel Management,* 785 F.2d 1568, 1579 (Fed.Cir. 1986) (en banc), other circuits have retained a reasonableness standard, *see, e.g., Phil Smidt & Son, Inc. v. NLRB,* 810 F.2d 638, 642 n. 5 (7th Cir.1987); *Russell v. National Mediation Board,* 775 F.2d 1284, 1289 (5th Cir.1985). We need not reach this issue, however, because, as discussed below, the Secretary's actions here were substantially justified regardless of the test employed to define further the plain meaning of the statutory phrase. *See Oregon Environmental Council v. Kunzman,* 817 F.2d 484, 498 (9th Cir.1987).

At issue here is whether the district court correctly concluded that the Secretary's position at the first hearing—that Rosado was not disabled within the meaning of the Obesity Listings—was substantially justified. Under the Obesity Listings, a claimant is impaired if her weight is equal to or greater than the values specified in the table for a woman of her height *and* one of the following medical diagnoses applies:

A. History of pain and limitation of motion in any weight bearing joint or spine (on physical examination) *associated with x-ray evidence of arthritis* in a weight bearing joint or spine; or

. . . .

D. Chronic venous insufficiency with superficial varicosities in a lower extremity with pain on weight bearing *and persistent edema....*

20 C.F.R. §§ 404.1501 *et seq.*, app. § 10.10 (1986) (emphasis added).

The record at the first hearing was undeveloped, and contained insufficient support for Rosado's claims under either section 10.10(A) or section 10.10(D). Because no x-ray evidence of arthritis in a weight bearing joint was presented at the first hearing, the requirements of section 10.10(A) were not met. In addition, neither adequate evidence of chronic venous insufficiency nor adequate documentation of persistent edema was presented, as mandated by section 10.10(D). Moreover, the medical reports uniformly indicated that Rosado's hypertension and other ailments were under control with medication.

In contrast, new evidence presented at the second hearing substantiated both the diagnosis of arthritis in a weight bearing joint, as required by section 10.10(A), and the diagnosis of venous insufficiency with persistent edema, as required by section 10.10(D). On the whole, the evidence presented at the second hearing was far stronger and more detailed than that presented at the first hearing.

We also note that Rosado only prevailed partially on remand, inasmuch as the ALJ determined that the onset of her disability was more than two years later than she had claimed. The finding of disability as of March 31, 1983, rather than as of January 31, 1981, supports the Secretary's position that the evidence of her impairment was weak and undeveloped at the time of the initial hearing.

In sum, we are not persuaded that the ALJ should have found that Rosado was disabled within the meaning of the Obesity Listings on the evidence presented at the first hearing. We hold, therefore, that the district court properly concluded that the Secretary's position at that hearing was substantially justified.

### III. CONCLUSION

Based on the foregoing, the order of the district court is affirmed.