Nicole BURGER, Plaintiff–Appellant,

v.

Michael J. ASTRUE, Commissioner of Social Security,[1] Defendant–Appellee.

No. 07–1166–cv.

United States Court of Appeals, Second Circuit.

June 27, 2008.

Mark Schneider, Plattsburgh, New York, for Appellant.

Richard A. Hill, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, New York, New York (Andreea L. Lechleitner, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, Barbara L. Spivak, Chief Counsel of Region II, Steve Conte, Deputy Chief Counsel, on the brief), for Glenn T. Suddaby, United

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Commissioner of Social Security Michael J. Astrue is automatically substituted for former Commissioner Jo Anne Barnhart as Defendant–Appellee in this case.

States Attorney for the Northern District of New York, Syracuse, New York.

PRESENT: Honorable CHESTER J. STRAUB, Honorable REENA RAGGI, Circuit Judges, Honorable WILLIAM K. SESSIONS III, District Judge.[2]

## SUMMARY ORDER

Plaintiff Nicole Burger appeals from a judgment of the district court upholding a final determination by the Commissioner of Social Security ("Commissioner") denying Burger's application for Social Security Disability Insurance ("SSDI") for the period from January 8, 2000, until June 30, 2003. We review the district court's decision *de novo,* focusing on whether the Commissioner applied the correct legal standard and relied upon substantial evidence in concluding that Burger was not disabled during the relevant period. *See Halloran v. Barnhart,* 362 F.3d 28, 31 (2d Cir.2004); *Shaw v. Chater,* 221 F.3d 126, 131 (2d Cir.2000). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision.

Burger submits that the Commissioner erred in concluding that despite her demonstration of a severe impairment, she retained the residual functional capacity to perform both light and sedentary work, which included her former work as a secretary. We agree.

The Commissioner's ruling essentially adopted findings by the Administrative Law Judge ("ALJ") who reviewed Burger's claim. While acknowledging that Burger herself testified to limitations that would preclude her performance of secretarial work, the ALJ concluded that this testimony was "only somewhat credible" in light of the absence of corroborative medical evidence. Specifically, the ALJ noted that Burger had sought only "sporadic" treatment for her conditions and had not offered any physician's assessments of her functional limitations.

It is the petitioner's burden to demonstrate that her impairments prevent her from returning to her former type of employment. *See Green–Younger v. Barnhart,* 335 F.3d 99, 106 (2d Cir.2003). Moreover, an applicant's failure to seek medical treatment during the relevant disability period may cast doubt on her own testimony regarding pain or functional limitations. *See Arnone v. Bowen,* 882 F.2d 34, 39 (2d Cir.1989). In this case, however, Burger offered an explanation for her decision to seek only occasional emergency treatment: she was uninsured and could not pay for regular medical care. As this court observed in *Shaw v. Chater,* 221 F.3d at 133, "[i]t would fly in the face of the plain purposes of the Social Security Act" to deny benefits on the basis of a claimant's inability to pay for treatment. To be sure, there are some claimed impairments that, if credible, would be so painful that even an impoverished claimant would be expected to seek frequent treatment. But Burger's impairment does not appear to fall in this category. She claims her impairment confines her to bed for large parts of every day, but only occasionally triggers acute problems requiring emergency medical treatment. Under these circumstances, *i.e.,* a recognized severe impairment, "somewhat credible" testimony as to limitations that would preclude past employment, and a demonstrated inability to secure anything more than sporadic emergency treatment, the ALJ was obliged himself to develop the medical record more fully to ensure an accurate as-

---

**2.** The Honorable William K. Sessions III, Chief Judge of the United States District Court for the District of Vermont, sitting by designation.

sessment of Burger's residual functional capacity. Indeed, the relevant regulations specifically authorize the ALJ to pay for a consultative examination where necessary to ensure a developed record. *See* 20 C.F.R. § 404.1512(d)-(f); *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir.1996) ("Because a hearing on disability benefits is a non-adversarial proceeding, the ALJ generally has an affirmative obligation to develop the administrative record. This duty exists even when the claimant is represented by counsel." (internal citations omitted)).

We recognize that a doctor's contemporaneous residual functional assessments are more valuable than ones made after the relevant claim period. Nevertheless, we conclude that the circumstances of this case required the ALJ to endeavor to secure at least a belated assessment before rejecting Burger's claim. Accordingly, we conclude that this case should be remanded to the Commissioner with directions to develop the administrative record further and to reconsider Burger's claim for disability benefits.

We VACATE the judgment of the district court and REMAND the case with directions that the district court remand this case to the Social Security Administration for proceedings consistent with this order.