07-4009-cv
Ericksson v. Commissioner of Social Security

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term, 2008

(Argued: December 8, 2008          Decided: February 19, 2009)

Docket No. 07-4009-cv

SANDRA L. ERICKSSON,

*Plaintiff-Appellant*,

— v.—

COMMISSIONER OF SOCIAL SECURITY,

*Defendant-Appellee.*

B e f o r e :

KEARSE, RAGGI, and LIVINGSTON, *Circuit Judges.*

Appeal from a district court judgment denying plaintiff attorney's fees pursuant to the

Equal Access to Justice Act, 28 U.S.C. § 2412(d), following agency award of disability

benefits on remand from the district court.

REVERSED AND REMANDED.

CHARLES A. PIRRO, III, South Norwalk, Connecticut, *for Plaintiff-Appellant*.

ANN M. NEVINS, Assistant United States Attorney (Karen L. Peck, Assistant United States Attorney, *on the brief*), *for* Nora R. Dannehy, United States Attorney for the District of Connecticut, Bridgeport, Connecticut, *for Defendant-Appellee*.

REENA RAGGI, *Circuit Judge*:

Plaintiff Sandra Ericksson was awarded Social Security disability benefits in 2005 after the United States District Court for the District of Connecticut (Alan H. Nevas, *Judge*) adopted the recommendation of the Magistrate Judge to remand defendant Commissioner of Social Security's ("Commissioner") earlier denial of benefits for further proceedings. Ericksson v. Barnhart, No. 00-cv-2221 (D. Conn. Sept. 17, 2003) (district judge's order adopting magistrate judge's report), slip op. at 27 (D. Conn. Aug. 27, 2003) (magistrate judge's report). Ericksson now appeals the judgment of the same district court, entered on July 19, 2007, denying her motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Because the Commissioner failed to demonstrate that his position opposing benefits was "substantially justified," id. § 2412(d)(1)(A), we reverse the challenged judgment and remand for further proceedings.

I.   **Background**

From May 1994 until January 1998, Ericksson received Social Security disability

2

benefits based on limitations attributable to her non-Hodgkin's lymphoma. When chemotherapy sent Ericksson's lymphoma into full remission, the Commissioner terminated benefits, finding that Ericksson was capable of performing light work. Proceeding pro se, Ericksson appealed the Commissioner's termination decision on the ground that, even though her lymphoma was in complete remission, she had severe back pain that rendered her eligible for continued disability payments. A Disability Hearing Officer determined that Ericksson was capable of returning to work in spite of her back pain and upheld the Commissioner's decision, as did an Administrative Law Judge ("ALJ").

Ericksson challenged the agency's decision in the district court, which appointed counsel to represent her – the same counsel on whose behalf Ericksson now seeks attorney's fees. After reviewing the parties' submissions, Magistrate Judge Holly B. Fitzsimmons, to whom the matter had been referred, recommended remanding the Commissioner's decision to the agency for further consideration. The District Judge adopted the recommendation on September 17, 2003 and entered judgment on November 10, 2003.

On remand, a different ALJ ("the second ALJ") determined that Ericksson remained disabled under the Social Security Act as a result of "chronic back pain syndrome secondary to advanced degenerative disc disease at L3-4 and L4-5 with facet sclerosis and narrowing, osteopenia and severe scoliosis of the lumbar spine." September 12, 2005 ALJ Decision Awarding Benefits ("Second ALJ Op.") at 3. As a "prevailing party" under the EAJA, see

28 U.S.C. § 2412(d)(1)(A); Ma v. Chertoff, 547 F.3d 342, 343-44 (2d Cir. 2008), Ericksson then applied to the district court for attorney's fees. The Commissioner did not dispute Ericksson's status as a prevailing party. Nevertheless, he opposed any fee award on the ground that the government's previous position was substantially justified under 28 U.S.C. § 2412(d)(1)(A). The district court agreed and denied Ericksson's EAJA fee request. This appeal followed.

## II. Discussion

Under the EAJA, "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . , unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); see Healey v. Leavitt, 485 F.3d 63, 67 (2d Cir. 2007). The Commissioner bears the burden of showing that his position was "substantially justified," which the Supreme Court has construed to mean "justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988).[1] To make this showing, the

---

[1] To the extent our recent decision in Healey v. Leavitt indicates that the government must make a "strong showing" to satisfy its burden under § 2412(d)(1)(A), see 485 F.3d at 67, we do not understand that case to impose a standard higher than that set forth in Pierce v. Underwood, 487 U.S. at 565 (holding that the understanding of "substantially justified" "most naturally conveyed by the phrase . . . is not 'justified to a high degree,' but rather 'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person").

4

Commissioner must demonstrate that his position had a "reasonable basis both in law and fact." Id. (internal quotation marks omitted); see Vacchio v. Ashcroft, 404 F.3d 663, 674 (2d Cir. 2005). When assessing the "position of the United States," we review both "the position taken by the United States in the civil action, [and] the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D); see Comm'r, INS v. Jean, 496 U.S. 154, 159 (1990); Healey v. Leavitt, 485 F.3d at 67; see also Smith v. Bowen, 867 F.2d 731, 734 (2d Cir. 1989) ("In adding this definition, Congress made clear that for EAJA purposes, a court should inquire into both the underlying agency determination affecting the party, as well as the Government's litigation strategy in defense of that determination.").

We review a district court's determination that the government satisfied its burden under § 2412(d)(1)(A) only for abuse of discretion. See Pierce v. Underwood, 487 U.S. at 563. A district court acts within its discretion unless "(1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision – though not necessarily the product of a legal error or a clearly erroneous factual finding – cannot be located within the range of permissible decisions." Zervos v. Verizon N.Y., Inc., 252 F.3d 163, 169 (2d Cir. 2001) (footnotes omitted). In this case, we conclude that the denial of fees was not within the range of permissible decisions available to the district court because the government's opposition to an award of benefits did not have a reasonable basis in fact.

Specifically, the record demonstrates that the first ALJ improperly disregarded or mischaracterized evidence of Ericksson's continuing disability, and that the second ALJ awarded Ericksson benefits based, in substantial part, on a proper assessment of this very evidence. Ericksson submitted to the first ALJ a November 1997 medical report from Dr. Henry A. Backe. The report explains that Ericksson had "undergone x-rays of the lumbar spine in 1994 and 1995 which showed degenerative disc disease [at] the L3-L4 level." Based on a 1997 x-ray, Dr. Backe's report also notes that "[t]he lumb[r]osacral spine, including oblique views, shows advanced degenerative disc disease at L3-L4 and L4-L5. There is associated facet sclerosis and narrowing." The report concludes that Ericksson "has obvious signs and symptoms as well as x-ray findings and bone scan findings of degenerative disc disease." The second ALJ relied on Dr. Backe's November 1997 report and the x-rays and bone scan referred to therein in awarding Ericksson benefits on remand. The second ALJ explained that "the record indicates that [Ericksson] was . . . suffering from chronic back pain . . . and continues to complain of intractable back pain . . . . As early as June 1993 x-rays revealed degenerative changes and scoliosis of the lumbar spine." Second ALJ Op. at 2.

By contrast, the first ALJ mischaracterized Dr. Backe's report, summarizing it simply as: "claimant's complaints of back pain were noted," when the doctor in fact made an independent diagnosis. April 14, 1999 ALJ Decision Denying Benefits ("First ALJ Op.") at 2. The first ALJ unreasonably minimized Dr. Backe's diagnosis, observing that the doctor

6

had found "a degree of degenerative disc disease," id., when Dr. Backe had clearly diagnosed Ericksson with "advanced degenerative disc disease." Finally, at Ericksson's hearing, the first ALJ assured Ericksson that he would contact Dr. Backe "for records and anything he wants to tell me about your functional capability." Oct. 28, 1998 Hearing Tr. ("Tr.") at 29. The Commissioner does not dispute that, in fact, the ALJ made no such inquiry despite his statutory and regulatory duty to do so. See 42 U.S.C. § 423(d)(5)(B) ("In making any determination the Commissioner of Social Security shall make every reasonable effort to obtain from the individual's treating physician (or other treating health care provider) all medical evidence, including diagnostic tests, necessary in order to properly make such determination."); 20 C.F.R. § 404.1512(d) ("Before we make a determination that you are not disabled, we will develop your complete medical history for at least the 12 months preceding the month in which you file your application unless there is a reason to believe that development of an earlier period is necessary."); id. § 416.912(d) (same); DeChirico v. Callahan, 134 F.3d 1177, 1184 (2d Cir. 1998) (noting that, pursuant to 42 U.S.C. § 423(d)(5)(B), ALJ was required "not only to develop [petitioner]'s complete medical history for at least the twelve-month period prior to the filing of his application, but also to gather such information for a longer period if there was reason to believe that the information was necessary to reach a decision"); Perez v. Chater, 77 F.3d 41, 47 (2d Cir. 1996) ("Because a hearing on disability benefits is a non-adversarial proceeding, the ALJ generally has an

7

affirmative obligation to develop the administrative record."). Indeed, the first ALJ was under a heightened duty to develop the record in order to ensure a fair hearing because Ericksson was appearing pro se. See, e.g., Cruz v. Sullivan, 912 F.2d 8, 11 (2d Cir. 1990) ("[W]hen the claimant is unrepresented, the ALJ is under a heightened duty 'to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts.'" (quoting Echevarria v. Sec'y of Health & Human Servs., 685 F.2d 751, 755 (2d Cir. 1982) (internal quotation marks omitted))); Lopez v. Sec'y of Dep't of Health & Human Servs., 728 F.2d 148, 149-50 (2d Cir. 1984) (same). The first ALJ's failure to contact Dr. Backe and his unreasonable interpretation of the doctor's report is further significant because the ALJ repeatedly admonished Ericksson for failing to submit "a medical report or a medical diagnosis or test results" in support of her claim when she had, in fact, done just that. Tr. at 14; see also id. at 16, 21, 23.

These circumstances distinguish Ericksson's EAJA claim from that presented in Rosado v. Bowen, 823 F.2d 40 (2d Cir. 1987). In Rosado, we affirmed the district court's denial of EAJA fees because the plaintiff had failed to satisfy the requirement that she submit either "'x-ray evidence of arthritis in a weight bearing joint or spine'" or adequate evidence of "'[c]hronic venous insufficiency . . . and persistent edema.'" Id. at 43 (quoting 20 C.F.R. §§ 404.1501 et seq., app. § 10.10(A), (D) (1986) (emphasis removed)). On remand, the plaintiff complied with the regulations and was awarded benefits. See id. at 41. By contrast,

Ericksson's claim was supported from the start by probative medical evidence that was unreasonably ignored or mischaracterized by the first ALJ.

The first ALJ also mischaracterized Ericksson's hearing testimony when he observed that Ericksson "cooks, shops, does household chores, but stated she has to use a stool when washing dishes." First ALJ Op. at 3. In fact, Ericksson testified that she does not cook because she cannot stand, see Tr. at 30, that she is unable to stand long enough to floss and brush her teeth or to get dressed, see id. at 26, that she cannot stand for more than 10 or 15 minutes, see id. at 3, and that there are days when she is unable to leave her residence because she "can't do the stairs" to her third-floor apartment, id. at 33. There is no testimony in the record regarding shopping, household chores, or washing dishes. The first ALJ also stated that Ericksson testified that "she has adjusted to her discomfort." First ALJ Op. at 3. To the contrary, Ericksson referred to "all these adaptations I've made to basically not having a life" as a result of her pain. Tr. at 26 (emphasis added). Ericksson further explained that, because of her back pain, she spent her "time on, on basically a chaise lounge and I read." Id. Given this record, the government understandably conceded at oral argument that the first ALJ mischaracterized Ericksson's testimony. Moreover, the government has not attempted to harmonize the first ALJ's treatment of Ericksson's testimony with its argument that its initial position was substantially justified.

Our conclusion that the ALJ's treatment of Ericksson's claim was not substantially

9

justified by the record on the initial administrative appeal is not altered by the fact that Ericksson, through appointed counsel, submitted additional evidence to the second ALJ. The record supporting her disability claim indicates that the second ALJ awarded benefits based in large part on the same evidence that the first ALJ mischaracterized as non-probative or dismissed as insufficient. See Second ALJ Op. at 2. The fact that Ericksson's already strong claim was reinforced by additional evidence on remand does not render the government's original dismissive treatment of her claim "substantially justified." 28 U.S.C. § 2412(d)(1)(A).

### III.    Conclusion

In light of the first ALJ's burden to develop fully the record and the government's subsequent burden to demonstrate that its position in denying her benefits was substantially justified, we conclude that the district court acted outside its discretion in denying EAJA fees to Ericksson's appointed counsel. Accordingly, the challenged judgment is REVERSED and the case REMANDED with instructions to award EAJA fees because the government's position was not substantially justified. We take no position on whether the amount of Ericksson's fee request is reasonable, leaving that determination to the district court to make in the first instance. See 28 U.S.C. § 2412(d)(2)(A) (defining reasonable "fees and other expenses" under the EAJA).