SUMMARY ORDER
Catherine Lord appeals from a judgment of the United States District Court for the Southern District of New York. The court denied Lord’s application for attorney’s fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (“EAJA”), which application Lord submitted following the court’s “so-ordering” of a stipulated discontinuance of her lawsuit seeking a final decision on her pending application for naturalization. Lord agreed to discontinue the underlying suit in exchange for the defendants’ agreement to grant her application and administer the oath of citizenship to her. We assume the parties’ familiarity with the facts and procedural history of this case, and the issues presented on appeal.
Lord argues that the district court abused its discretion by concluding that the government’s position in the underlying litigation was “substantially justified” within the meaning of the EAJA. See id. § 2412(d)(1)(A) (authorizing an award of fees and costs “unless the court finds that the position of the United States was substantially justified”). We disagree.
“The Supreme Court has defined ‘substantially justified’ to mean ‘justified in substance or in the main’—that is, justified to a degree that could satisfy a reasonable person.” United States v. $19,04.7.00 in U.S. Currency, 95 F.3d 248, 251 (2d Cir.1996) (quoting Pierce v. Underwood, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988)); see also Ericksson v. Comm’r of Soc. Sec., 557 F.3d 79, 82 & n. 1 (2d Cir.2009). “This Court will reverse court’s *117 denial of attorney’s fees [and costs] only that the court abused its discretion.” $19,0Jp7.00 Currency, 95 F.3d at 251.
The district court did not abuse its discretion in concluding that the government’s delay in reaching its final decision was substantially justified. Lord contends that “[t]he denial, when it was finally issued, merely reiterated the initial denial from June 2005.” But the immigration authorities are entitled to conduct a thorough revisitation of the evidence that supported their initial decision-indeed, one assumes that that is precisely what Lord wanted them to do-and the district court did not abuse its discretion in concluding that the review was bound to take time. Lord says that the nine-month period following her hearing was too long because hers “was a relatively simple case.” We have no basis on which to judge that assertion.
Lord also says that if the government had responded at all to her threat of litigation, even to promise more delay, she would not have been compelled to litigate in the first place. The district court did not abuse its discretion in rejecting this argument as speculative-or at least exceedingly unlikely. Lord brought the underlying lawsuit to force the government to the bargaining table; more delay would have not changed her decision to do so.
Nor did the district court abuse its discretion in concluding that the government’s eventual denial of Lord’s application was substantially justified. The court found that “Lord stated in [a prior] Application that she had never been arrested or detained although she had been arrested in 1968.” Lord v. Chertoff, 526 F.Supp.2d 435, 440 (S.D.N.Y.2007). It was no abuse of discretion for the court to conclude that the government was substantially justified in relying on that omission to find that she did not have the requisite good moral character. See 8 C.F.R. § 316.10(a)(2).
Lord contends that the prior application was not in the record before the district court and says that the government refused to provide her with a copy of it. But she does not deny that she saw it, and concedes that it “stated that [she] had not been arrested and/or convicted of any crimes.” Moreover, the fact that the application was ultimately granted does not support the conclusion that the government’s previous actions were not substantially justified. See Kirkland v. R.R. Ret. Bd., 706 F.2d 99, 105 (2d Cir.1983).
In light of our conclusion that the district court did not abuse its discretion in denying Lord’s EAJA motion, we have no occasion to reach the government’s other arguments.
For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.