09-0388-cv
Burger v. Astrue

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of January, two thousand ten.

Present:
> JOHN M. WALKER, JR.,
> CHESTER J. STRAUB,
> ROSEMARY S. POOLER,
> *Circuit Judges.*

_____

NICOLE BURGER,

*Plaintiff-Appellant,*

- v. -                                        No. 09-0388-cv

MICHAEL J. ASTRUE,

*Defendant-Appellee.*

_____

FOR THE PLAINTIFF-APPELLANT:     MARK SCHNEIDER, Plattsburgh, New York.

FOR THE DEFENDANT-APPELLEE:     ANDREEA L. LECHLEITNER, Special Assistant United States Attorney (Stephen P. Conte, Acting Regional Chief Counsel, *on the brief*), Social Security Administration, New York, New York.

**AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **VACATED** and the case is **REMANDED** for further proceedings consistent with this **SUMMARY ORDER**.

Plaintiff appeals from the Decision and Order of the United States District Court for the Northern District of New York (Victor E. Bianchini, *Magistrate Judge*), dated January 15, 2009, denying plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).

We assume the parties' familiarity with the underlying facts and procedural history of the case, as well as with the issues on appeal. Plaintiff commenced this action on May 12, 2005, appealing the determination by an Administrative Law Judge ("ALJ") that she was not disabled from January 8, 2000 through June 30, 2004, as defined by the Social Security Act, 42 U.S.C. § 423(d)(1)(A), and thus not eligible for Social Security disability benefits during that time. On March 2, 2007, the District Court entered a Decision and Order affirming the decision of the ALJ and granting judgment in favor of the Commissioner. Plaintiff filed a timely appeal with this Court, and on June 27, 2007, we vacated the District Court's decision and remanded for further proceedings. *Burger v. Astrue*, No. 07-1166-cv, 282 F. App'x 883 (2d Cir. June 17, 2008) ("*Burger I*").

The gravamen of plaintiff's appeal in *Burger I* was that the record evidence did not support the Commissioner's conclusion that, despite plaintiff's demonstration of a severe impairment, she retained the residual functional capacity to perform both light and sedentary work, which included her former work as a secretary. *Id.* at 884. We agreed, first taking issue with the ALJ's emphasis on the fact that plaintiff had received only occasional medical treatment, since plaintiff testified that

2

"she was uninsured and could not pay for regular medical care." *Id.* at 884.  We explained that "[i]t would fly in the face of the plain purposes of the Social Security Act to deny benefits on the basis of a claimant's inability to pay for treatment." *Id.* (internal quotation marks omitted).  We further noted that plaintiff testified that "her impairment confines her to bed for large parts of everyday, but only occasionally triggers acute problems requiring emergency medical treatment." *Id.*  Thus, "[u]nder these circumstances, *i.e.*, a recognized severe impairment, 'somewhat credible' testimony as to limitations that would preclude past employment, and a demonstrated inability to secure anything more than sporadic emergency treatment, the ALJ was obliged himself to develop the medical record more fully to ensure an accurate assessment of Burger's residual functional capacity." *Id.* at 884-85.  We noted that "the relevant regulations specifically authorize the ALJ to pay for a consultative examination where necessary to ensure a developed record," and that "the circumstances of this case required the ALJ to endeavor to secure at least a belated assessment before rejecting Burger's claims." *Id.* at 885.  We remanded "with directions to develop the administrative record further and to reconsider Burger's claim for disability benefits." *Id.*

On August 13, 2008, the District Court remanded the case to the Social Security Administration consistent with our summary order and entered final judgment against the Commissioner.  On September 8, 2008, plaintiff filed a motion for attorney's fees with both the District Court and this Court.  On November 5, 2008, we denied plaintiff's motion "without prejudice to renewal after proceedings conclude[d] in [the] District Court."  On December 4, 2008, on remand from *Burger I*, a different ALJ heard plaintiff's claim for disability benefits and found her disabled and thus awarded her benefits.  He did so based on the identical record that plaintiff

3

submitted to the first ALJ who had denied her claim. Nevertheless, on January 15, 2009, the District Court denied plaintiff's motion for attorney's fees incurred at the District Court level and refrained from reaching the question regarding appellate fees. Plaintiff timely appealed.

Under the EAJA, "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "The Commissioner bears the burden of showing that his position was 'substantially justified,' which the Supreme Court has construed to mean 'justified to a degree that could satisfy a reasonable person.'" *Ericksson v. Comm'r of Soc. Sec.*, 557 F.3d 79, 82 (2d Cir. 2009) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "To make this showing, the Commissioner must demonstrate that his position had a 'reasonable basis both in law and fact.'" *Id.* at 82-83 (quoting *Pierce*, 487 U.S. at 563). "When assessing the 'position of the United States,' we review both 'the position taken by the United States in the civil action, [and] the action or failure to act by the agency upon which the civil action is based.'" *Id.* (quoting 28 U.S.C. § 2412(d)(2)(D)).

Moreover, even if the government was not substantially justified, the EAJA provides that an award of attorneys' fees is inappropriate if "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). We have held that an award of fees under the EAJA may be unjust "where all of the fees were expended on discrete efforts that achieved no appreciable advantage, and where the claim of the prevailing parties rests largely on a result to which the claimant made no contribution." *United States v. 27.09 Acres of Land*, 43 F.3d 769, 773 (2d Cir. 1994).

"We review a district court's determination that the government satisfied its burden under § 2412(d)(1)(A) only for abuse of discretion." *Ericksson*, 557 F.3d at 82 (citing *Pierce*, 487 U.S. at 563). "A district court acts within its discretion unless '(1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision-though not necessarily the product of a legal error or a clearly erroneous factual finding-cannot be located within the range of permissible decisions.'" *Id.* (quoting *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 169 (2d Cir. 2001)).

Here, the District Court did not reach the question whether the government was substantially justified in its position, but denied plaintiff's motion on the ground that special circumstances existed that made an award unjust. *Burger v. Astrue*, No. 05-cv-579, 2009 WL 113485 (N.D.N.Y. Jan. 15, 2009). It reasoned that this Court in *Burger I* remanded the case on a ground not asserted by counsel in the district court and that was first raised by the panel in *Burger I nostra sponte. Id.* at *3. It explained that "the remand decision was based upon the Second Circuit's conclusion that the ALJ had not sufficiently satisfied his affirmative obligation to fully develop the administrative record." *Id.* It concluded that "Plaintiff's counsel had a concomitant duty and obligation to develop the administrative record on behalf of his client[,] . . . [and] [a]s such, Plaintiff's counsel bears a share of responsibility for the fact that the record was not developed to an appropriate extent." *Id.*

The District Court's denial of fees on this basis was in excess of its allowable discretion. It narrowly focused on our statement in *Burger I* that the applicable regulations authorize the ALJ to pay for a consultative examination when necessary to ensure a developed record, and denied fees because plaintiff's counsel did not raise this specific issue in the District Court or on appeal. It did

5

so at the expense of considering the highly material facts that (1) plaintiff's counsel had consistently argued that the record evidence showed that plaintiff was not able to work – an argument that we did *not* reject in *Burger I* – and that (2) plaintiff ultimately won on remand before a second ALJ with the *same* record that was before the first ALJ, the District Court and this Court in *Burger I*. Under these circumstances, the District Court exceeded its allowable discretion in denying plaintiff's fee application because of "special circumstances" and its decision is therefore vacated.

On remand, the District Court should consider whether the government was substantially justified in its position, which the court did not definitively address in the first instance. If the answer to this question is no, the District Court should then consider whether there are any other special circumstances to defeat fees and absent such to what extent, if any, plaintiff's counsel must submit further documentation substantiating his bills incurred litigating before the District Court and whether and to what extent his fees should be reduced.[1]

There is still the issue of appellate fees. We note that the District Court did not reach the issue of fees incurred on appeal. We also note that on February 26, 2009, a merits panel of this Court denied plaintiff's renewed motion for appellate fees. Plaintiff urges this Court to now decide

---

[1] We note that the District Court stated that "[i]n addition and in the alternative, this Court finds that the motion for fees is subject to denial due to the unreasonableness of the fees requested and the lack of sufficient supporting detail." *Burger*, 2009 WL 113485, at *3. But, it went on to explain that "[i]n the ordinary case, [it] might be inclined to scrutinize the supporting entries and determine the appropriate fee reductions. However, in light of the fact that, as discussed above, the ultimate result achieved was not the result of contributions made by Plaintiff's counsel, and given the lack of supporting detail and unreasonableness of the fees requested, this Court finds that a denial of Plaintiff's Motion for Attorney's Fees is warranted." *Id.* at *4. In light of our disagreement with the District Court's conclusion that "the ultimate result achieved was not the result of contributions made by Plaintiff's counsel," the District Court should also reconsider this aspect of its decision.

the appellate fees issue with the benefit of a full record and oral argument. Under the circumstances of this case, however, it is prudent to reserve decision on the appellate fees question until the completion of the proceedings in the District Court. As we have explained:

> though the plaintiffs-appellees' application was correctly filed with this Court, we will defer consideration of it until the District Court determines whether the plaintiffs are entitled to EAJA fees in connection with proceedings in the District Court. Whether the Government's position was "substantially justified" in each court may not necessarily be resolved with the same outcome, but our deferral will afford us the benefit of the District Court's view on the issue it must resolve. Deferral will also conserve judicial resources. Consideration of appellate fees can be combined with any appeal that may be taken from the EAJA ruling of the District Court. Alternatively, there is always the possibility that the ruling of the District Court will prompt the parties to accept it without appeal and also to settle the application for appellate fees.

*McCarthy v. Bowen*, 824 F.2d 182, 184 (2d Cir. 1987).

Deferral will further conserve judicial resources here because, depending on the result of the District Court proceedings on remand, plaintiff might seek fees incurred in connection with *this* appeal. In addition, there could be yet another appeal from the District Court's decision on this latest remand. Thus, it fails to serve any notion of judicial efficiency to decide plaintiff's motion with respect to appellate fees at this time. Rather, it is only proper to decide that matter after the conclusion of the proceedings before the District Court. Accordingly, if plaintiff wishes to seek appellate fees from this Court, plaintiff is directed to file a renewed motion for attorney's fees after the conclusion of the proceedings in the District Court. This motion may include an application for appellate fees incurred in *Burger I* and on this appeal.

Finally, we direct the Clerk of the Court to assign this panel any appeal from the District Court's decision on remand, and/or any motion for appellate fees filed by plaintiff upon the completion of the District Court's proceedings. *See United States v. Jacobsen*, 15 F.3d 19, 22 (2d Cir. 1994).

In conclusion, we VACATE the District Court's Decision and Order and remand for further proceedings consistent with this Summary Order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk