12-2971-cv
Padula v. Astrue

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York the 18th day of March, two thousand thirteen.

Present:     GUIDO CALABRESI,
             ROSEMARY S. POOLER,
             REENA RAGGI,
                      *Circuit Judges*.

_____

GERARD PADULA,

                     *Plaintiff-Appellant*,

              -v-                                              12-2971-cv

MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY,

                     *Defendant-Appellee*.

_____

Appearing for Appellant:          Mark Schneider, Plattsburgh, NY

Appearing for Appellee:           Robert R. Schriver, Special Assistant United States
                                  Attorney (Richard S. Hartunian, United States Attorney,
                                  Northern District of New York, Syracuse, NY; Stephen P.
                                  Conte, Regional Chief Counsel, Office of the General
                                  Counsel, Social Security Administration, New York, NY,
                                  *on the brief*), Syracuse, NY

Appeal from the United States District Court for the Northern District of New York (McAvoy, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED** in part, **VACATED** in part, and **REMANDED**.

Gerard Padula appeals from the judgment of the district court entered on July 16, 2012, affirming the denial of Social Security Disability Insurance benefits by an administrative law judge ("ALJ") on December 3, 2010. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

When this Court reviews a denial of Social Security benefits, the "focus is not so much on the district court's ruling as it is on the administrative ruling." *Schall v. Apfel*, 134 F.3d 496, 500-01 (2d Cir. 1998) (citation and internal quotation marks omitted). We do not make a de novo determination on whether the claimant is disabled, but instead conduct "a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotation marks omitted). "Substantial evidence is more than a mere scintilla. It means such *relevant* evidence as a *reasonable* mind might accept as adequate to support a conclusion." *Brault v. Soc. Sec. Admin.*, 683 F.3d 443, 447-48 (2d Cir. 2012) (internal citations and quotation marks omitted).

To determine if a claimant is disabled, the Social Security Administration ("SSA") applies a five-step test. 20 C.F.R. § 404.1520. The burden of proof rests on the claimant at the first four steps of the test and shifts to the Commissioner at the fifth step. *Shaw v. Chater*, 221 F.3d 126, 132 (2d Cir. 2000). The third step of this analysis requires the ALJ to ask whether a claimant's severe impairment meets or medically equals an impairment listed at 20 C.F.R. § 404, App'x 1. *Id.* Here, the ALJ did not err in concluding that Padula's impairment did not meet the Appendix 1 listing for § 12.04. Padula did not make the requisite showing that he met the impairments listed at either § 12.04 B or C. To the district court, Padula did not argue that the ALJ erred by failing to compare his impairments to the listing at § 12.06, and thus we consider the argument waived. *See Leyda v. AlliedSignal, Inc.*, 322 F.3d 199, 207 (2d Cir. 2003).

The fourth step of this analysis requires the ALJ to assess whether "despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work" *Shaw*, 221 F.3d at 132 (internal quotation marks omitted). At this step, the ALJ must consider all of the symptoms and the extent to which the claimed symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 416.929. When an individual has a medically determinable impairment that could reasonably be expected to produce the symptoms alleged by a claimant, but the objective evidence does not substantiate the alleged intensity and persistence, the ALJ cannot reject the assertions as incredible on this ground alone. *Id.* § 416.929(c)(2). Rather, the ALJ must consider "any other information [the claimant] submit[s] about [his] symptoms." *Id.* at § 416.929(c)(3). The ALJ will consider "all of the evidence presented, including information about [a claimant's] prior work record, [a claimant's] statements about [his] symptoms, evidence submitted by [a claimant's] treating or nontreating source, and observations by [SSA] employees and other persons." *Id.*

2

In the instant case, the ALJ determined that Padula's reported symptoms of nausea and fatigue were not credible to the extent they were inconsistent with medical evidence and Padula's account of his daily activities. However, as these symptoms were supported by the treatment records from Padula's treating psychiatrist, Dr. Astill-Vaccaro, and there was nothing in the description of Padula's daily activities, previous work history, or observations by any employees of the SSA that undermined these claimed symptoms, the ALJ did not properly consider all of the symptoms suffered by Padula in making his determination about Padula's residual functional capacity. Likewise, to the extent the ALJ found Padula not to be credible based upon his description of these symptoms, we find that the ALJ erred because the determination "did not comply with the ALJ's obligation to consider 'all of the relevant medical and other evidence,' 20 C.F.R. § 404.1545(a)(3), and cannot stand." *Genier v. Astrue*, 606 F.3d 46, 50 (2d Cir. 2010). Therefore, this case must be remanded for further proceedings to determine Padula's residual functional capacity in light of "*all* of the relevant medical and other evidence." 20 C.F.R. § 404.1545(a)(3) (emphasis added). In analyzing the record on remand, the ALJ remains free to consider evidence regarding any effect Padula's drug and alcohol use may have had on his asserted symptoms, *see Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 123 (2d Cir. 2012), and also to develop the administrative record to the extent necessary to make this and any other determinations on the extent and causes of Padula's symptoms, *see Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996) (memorializing ALJ's obligation to develop administrative record).

We have considered Padula's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED in part, VACATED in part, and REMANDED for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3