13-4454-cv; 12-2971-cv
Padula v. Colvin

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY  ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 7th day of May, two thousand fifteen.

Present:      GUIDO CALABRESI,
              ROSEMARY S. POOLER,
              REENA RAGGI,
                     *Circuit Judges*.

_____

GERARD PADULA,

                     *Plaintiff-Appellant,*


                v.                                              13-4454-cv
                                                               12-2971-cv


CAROLYN W. COLVIN, COMMISSIONER OF SOCIAL SECURITY,

                     *Defendant-Appellee*.

_____



Appearing for Appellants:        Mark Schneider, (Mark Curley, New York, N.Y., *on the brief*), Plattsburgh, N.Y.

Appearing for Appellees:         Susan Reiss, Special Assistant United States Attorney, (Richard S. Hartunian, United States Attorney for the Northern District of New York; Stephen Conte, Regional Chief Counsel, Office of the General Counsel, Social Security Administration, *on the brief*), New York, N.Y.

Appearing for Amicus Curiae:     Jared K. Carter, The Vermont Community Law Center, Burlington, V.T., *on behalf of The National Alliance on Mental Illness of Champlain Valley.*

Appeal from the United States District Court for the Northern District of New York (McAvoy, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court is **REVERSED** and appellant's fee petition pending before this Court is **GRANTED IN PART**.

Plaintiff-Appellant Gerard Padula appeals from the November 14, 2013 judgment of the United States District Court for the Northern District of New York (McAvoy, *J.*), which denied his application for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Because the Commissioner failed to demonstrate that her position in defending the ALJ's denial of benefits was "substantially justified," 28 U.S.C. § 2412(d)(1)(A), we reverse the challenged judgment and remand for further proceedings.

In the action giving rise to the application for fees, the Commissioner of Social Security ("the Commissioner") denied Padula's application for Supplemental Security Income benefits, and the district court affirmed that decision as supported by substantial evidence. On appeal from the denial of benefits, this panel affirmed in part and vacated and remanded in part, holding that the Administrative Law Judge ("ALJ") had not complied with his obligation to consider all the relevant medical and other evidence when it determined that Padula's reported symptoms of nausea and fatigue were not credible. We explained that the symptoms Padula reported were supported by the medical records from his treating psychiatrist, "and there was nothing in the description of Padula's daily activities, previous work history, or observations by any employees of the SSA that undermined these claimed symptoms." *Padula v. Astrue*, 514 F. App'x 49, 51 (2d Cir. 2013). We therefore remanded to permit the ALJ to determine Padula's residual functional capacity "in light of '*all* of the relevant medical and other evidence.'" *Id.* (quoting 20 C.F.R. § 404.1545(a)(3)).

After the case was remanded, Plaintiff moved for an award of attorney's fees for work performed before the district court prior to his successful appeal. The Commissioner opposed, arguing that, even though Plaintiff is the prevailing party, EAJA fees are not warranted because the Commissioner's position was substantially justified. The district court agreed with the Commissioner and denied EAJA fees.

Under the EAJA, "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).
"When assessing the 'position of the United States,' we review both 'the position taken by the United States in the civil action, [and] the action or failure to act by the agency upon which the civil action is based.'" *Ericksson v. Comm'r of Soc. Sec.*, 557 F.3d 79, 82 (2d Cir. 2009) (quoting 28 U.S.C. § 2412(d)(2)(D)). "The government may lack substantial justification for its

2

position even though it does not insist upon an unreasonable stance through to the resolution of a case." *Envtl. Def. Fund, Inc. v. Watt*, 722 F.2d 1081, 1086 (2d Cir. 1983).

"The Government bears the burden of showing that its position was 'substantially justified,' and to meet that burden, it must make a 'strong showing' that its action was 'justified to a degree that could satisfy a reasonable person.'" *Healey v. Leavitt*, 485 F.3d 63, 67 (2d Cir. 2007). Substantially justified does not mean "'justified to a high degree,' but rather 'justified in substance or in the main.'" *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). As the Supreme Court has explained, "the fact that one other court agreed or disagreed with the Government does not establish whether its position was substantially justified." *Id.* at 569. "To be 'substantially justified' means, of course, more than merely undeserving of sanctions for frivolousness." *Id.* at 566.

We review a district court's determination as to whether the government's position was substantially justified for an abuse of discretion. *Sotelo-Aquije v. Slattery*, 62 F.3d 54, 57 (2d Cir. 1995). "A district court acts within its discretion unless (1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Ericksson*, 557 F.3d at 82 (internal quotation marks omitted). On the record before us, the Commissioner has not carried her burden of showing that her position was substantially justified. To be sure, the Commissioner continues to urge a view of the evidence suggesting that it should have prevailed on the merits of the prior appeal, but this reprise of arguments we previously found unavailing is insufficient on its own to show that her "position . . . had a reasonable basis in both law and fact." *Federal Election Comm'n v. Political Contributions Data, Inc.*, 995 F.2d 383, 386 (2d Cir. 1993) (citing *Pierce*, 487 U.S. at 556 & n. 2).

In her submissions to the district court and this Court, the Commissioner makes no attempt to defend the ALJ's failure to consider the treatment notes of Padula's psychiatrist, which recounted Padula's complaints of fatigue and nausea, and revealed that he was being prescribed medication to alleviate precisely these documented symptoms. The Commissioner's sole defense of its prior litigation position is its contention that the ALJ reasonably relied on the treatment notes for several individual visits, where Padula failed to report nausea, fatigue, or side effects of his medication. We are no more persuaded in the present appeal than we were in the last that a fair reading of the entire record then before the ALJ justified the ALJ's adverse credibility determination.

In ruling that the Commissioner's litigation position was substantially justified, the district court emphasized that portion of our merits decision wherein we noted that "[i]n analyzing the record on remand, the ALJ remains free to consider evidence regarding any effect Padula's drug and alcohol use may have had on his asserted symptoms, and also to develop the administrative record to the extent necessary to make this and any other determinations on the extent and causes of Padula's symptoms." *Padula*, 514 F. App'x at 51 (internal citations omitted). Based on this language, the district court observed that our decision was "not a resounding rejection of the Commissioner's position in this matter." *Padula v. Colvin*, No. 8:11 civ. 00607, 2013 WL 6057857, at *4 (N.D.N.Y. Nov. 14, 2013). The possibility that benefits might properly be denied on a different basis on remand does not, however, mean that the

3

Commissioner was substantially justified in arguing that the ALJ's initial decision, made without adequate record development, was supported by substantial evidence.

Accordingly, we find, on the record before us, that the Commissioner has not carried its burden of showing that the position of the United States was substantially justified. We therefore hold that Padula is entitled to a fee award. We take no position on whether the amount of Padula's fee request is reasonable, leaving that determination to the district court to make in the first instance. *See* 28 U.S.C. § 2412(d)(2)(A) (defining reasonable "fees and other expenses" under the EAJA).

We grant in part Padula's motion for fees filed in this Court. Padula's request for 81.8 hours for work performed in this Court, however, is excessive. Here, using two attorneys in a routine social security appeal led to a duplication of efforts, and 81.8 hours amounts to over double the amount of hours courts within this Circuit typically award for routine social security cases. *See, e.g.*, *Parsons v. Comm'r of Soc. Sec.*, No. 07-CV-1053, 2008 WL 5191725, at *1 (N.D.N.Y. Dec. 10, 2008) ("In the Northern District of New York, as well as in other districts within the Second Circuit, the average time approved by courts for routine social security disability cases ranges from twenty to forty hours." (collecting cases)). Accordingly, we reduce the fees request by 40% to 49.1 hours.

For the foregoing reasons, we REVERSE the order of the district court and REMAND the case for the assessment of the appropriate amount of fees and costs under the EAJA. We GRANT IN PART Padula's request for fees for work performed in this Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4