**Donald G. BRYANT, Plaintiff,**

v.

**Kenneth S. APFEL, Commissioner of Social Security, Respondent.**

**No. Civ.A. CV–97–5887(DGT).**

United States District Court, E.D. New York.

March 12, 1999.

Charles E. Binder, Binder and Binder, New York City, for plaintiff.

Hon. Zachary W. Carter, United States Attorney, by David L. Goldberg, Brooklyn, New York, for respondent.

## MEMORANDUM AND ORDER

TRAGER, District Judge.

This case presents an interesting issue: whether an award of attorney's fees is warranted under the Equal Access to Justice Act ("EAJA" or the "Act") where the Administrative Law Judge ("ALJ") at a hearing and, subsequently, plaintiff's counsel in an appeal within the agency are both responsible for failing to adequately develop a record of the plaintiff's medical history.

### Background

Plaintiff, Donald G. Bryant, applied for Social Security disability benefits on October 13, 1994, complaining of arthritis, back pain and other medical problems. Bryant alleged an onset date of December 31, 1982, and his last date insured was December 31, 1987. Bryant's application was denied and, on November 8, 1995, a hearing was held at which plaintiff proceeded pro se. In a decision dated December 11, 1995, the ALJ found that Bryant did not have a "severe impairment," and, therefore, was not disabled within the meaning of the Social Security Act. R. 15–21.

Following the hearing, plaintiff obtained counsel and appealed the denial of disability benefits to the Appeals Council. In support of plaintiff's appeal, plaintiff's counsel obtained and offered additional medical evidence. After considering the newly-obtained evidence together with the evidence submitted by plaintiff to the ALJ, the Appeals Council determined that the ALJ's findings and conclusions were supported by the weight of the evidence and affirmed the ALJ's denial of benefits. R. 6–7.

This action for Social Security disability benefits followed with the filing of a complaint on October 14, 1997. The Commissioner opposed an award of benefits on the basis that there was "substantial evidence" in the record to support the finding of the ALJ that plaintiff did not have a disabling impairment within the meaning of the Social Security Act (the "Act"). Plaintiff's counsel contended that the ALJ's failure sufficiently to develop the record on behalf of plaintiff, who, as discussed above, was pro se at the time of the hearing, had allowed the ALJ to erroneously conclude that plaintiff did not suffer from a "severe impairment." Pl.Mem. of Law in Supp. of Cross–Motion for J. on the Pleadings, p. 15.

Oral argument was held on July 21, 1998. I noted my concerns with the positions of both of the parties. While I expressed doubt that plaintiff was actually disabled and stated that I thought the ALJ's decision was probably right, I also remarked that the ALJ failed to assist Bryant in obtaining evidence bearing on material aspects of his claim. See Tr. of Mot. Before the Hon. D.G. Trager, dated 7/21/98 ("Tr., dated 7/21/98"), pp. 8, 10, 13,

15.[1] I concluded that additional records of plaintiff's treating physicians from the period of alleged disability needed to be produced, instructed plaintiff's counsel to obtain such medical records, and adjourned oral argument until August 4, 1998.

On August 3, 1998, I received additional medical records from plaintiff's counsel which I then reviewed, and, on the following day, the adjourned argument was reconvened. *See* Tr. of Proceedings Before the Hon. D.G. Trager, dated 8/4/98 ("Tr., dated 8/4/98"). These additional records, however, did not further plaintiff's claim. Because of the lack of objective diagnostic medical evidence to support plaintiff's claim of disability and evidence that plaintiff had worked during the alleged period of disability in a catering job that required him to lift forty pound bags of sugar, I adhered to my preliminary view that the ALJ's conclusion that plaintiff was not disabled was supported by the record. *See* Tr., dated 8/4/98, p. 9. However, in light of the additional evidence, I concluded that the proper procedure was a remand for a full review of the entire record by the ALJ after a thorough search for relevant medical records was made. *Id.* at 10.

### Discussion

Turning to the issue at hand, the EAJA provides that a "prevailing party" in a civil action brought against the United States is entitled to recover attorney's fees and other expenses "unless the Court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

In order to prevail on a motion for attorney's fees under the EAJA, a party must first be a "prevailing party." 28 U.S.C. § 2412(d)(1)(A). The Supreme Court has held that a party who wins a remand order pursuant to sentence four of 42 U.S.C. § 405(g) is a "prevailing party." *Shalala v. Schaefer*, 509 U.S. 292, 300–02, 113 S.Ct.

2625, 2631–32, 125 L.Ed.2d 239 (1993). Thus, prevailing party status does not depend upon a party's actually receiving an award of Social Security benefits. *See id.* at 300, 113 S.Ct. at 2631.

A prevailing party is entitled to an award of attorney's fees, unless the "position of the United States" is found to be "substantially justified" or "special circumstances make an award [of attorney's fees] unjust." 28 U.S.C. § 2412(d)(1)(A). The "position of the United States" means, "in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D).

■ The burden of establishing "substantial justification" is on the Commissioner, and a "strong showing" must be made to meet that burden. *Envtl. Defense Fund, Inc. v. Watt*, 722 F.2d 1081, 1085 (2d Cir.1983) (quotation omitted); *Velazquez v. Heckler*, 610 F.Supp. 328 (S.D.N.Y.1984) (requiring "strong showing" in Social Security disability benefits case). In this circuit, "[t]he test for determining whether the government's position is substantially justified is essentially one of reasonableness." *Envtl. Defense Fund*, 722 F.2d at 1085 (internal quotations omitted). *See also Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988) ("substantially justified" means "justified to a degree that could satisfy a reasonable person."). A court "assessing the reasonableness of the government's position [ ] must examine the full course of the litigation." *Envtl. Defense Fund*, 722 F.2d at 1085.

In this case, plaintiff's counsel contend that they are entitled to EAJA attorney's fees because plaintiff was a "prevailing party" within the meaning of the Act and the Commissioner's position was not substantially justified. The government an-

---

1. An ALJ has an affirmative obligation to assist a pro se plaintiff in pursuing evidence that might be relevant and material to the plaintiff's claim. *See Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir.1999).

swers that its position in the instant action was substantially justified and that, therefore, no fees should be awarded to plaintiff's counsel. Neither position is quite correct.

Here, plaintiff is a prevailing party within the meaning of the EAJA as his claim was remanded pursuant to sentence four of 42 U.S.C. § 405(g). That, however, merely begins the inquiry. Certainly, the government's position on the merits is, at the very least, substantially justified. At oral argument I opined on more than one occasion that I thought that plaintiff could work at the relevant time. The real problem here is that plaintiff proceeded pro se at his first administrative hearing, and the ALJ failed to develop a record on which informed and intelligent decisions could be made. The ALJ should have made more of an effort to secure plaintiff's medical records, and the ALJ's failure to do so was not substantially justified. Nor was the government's litigation position of defending the ALJ's actions and refusing to remand substantially justified. There was scant basis in law for the government to take such a position when it was obvious that the ALJ had failed in his duty to develop the record.

■ Nevertheless, plaintiff's attorneys are not entitled to attorney's fees because the circumstances of this action would make such an award unjust. *See* 28 U.S.C. § 2412(d)(1)(A). While the SSA was initially at fault for failing to assist plaintiff, who was then pro se, to collect records, plaintiff retained counsel after his hearing and before his administrative appeal. Plaintiff's counsel obtained additional records which were then submitted to the Appeals Council. However, plaintiff's counsel did not, at that time, seek or produce critical medical records from the period of plaintiff's claimed disability. In light of the paucity of other objective medical evidence from the period of plaintiff's alleged disability, the absence of these records made it impossible to determine whether plaintiff was, in fact, entitled to disability benefits. The gap in the record also made it impossible for the government to argue that the ALJ's conclusion was sustainable.

It was only at the district court level, and at my instruction, that such records were acquired and produced. But instead of supporting plaintiff's claim, these records continued to cast doubt upon the veracity of the scant medical evidence plaintiff had, to date, produced. The newly-produced records established that plaintiff's treating physicians had not based their medical opinions on objective diagnostic medical evidence. Indeed, these records tended to confirm that no such evidence had existed during the period of plaintiff's alleged disability. I did not grant the government's motion for judgment on the pleadings only because I concluded that the final determination properly rested with the ALJ after a complete search for relevant records had been made.

Thus, this application for attorney's fees calls into question the policies underlying the EAJA. In enacting the EAJA's provision awarding attorney's fees to parties prevailing in litigation against the government, Congress sought to "reduce the likelihood that challenges to bureaucratic action would be deterred by the high cost of litigating, particularly given the enormous resources at the government's disposal." *Envtl. Defense Fund,* 722 F.2d at 1086. Congress calculated that "the government [could] make lawsuits costly and burdensome to private parties by means of [ ] dilatory trial tactics...." *Id.* The EAJA makes clear that a prevailing party is not entitled to attorney's fees in two situations: (1) where the government's position is substantially justified, or, in other words, is essentially reasonable, or (2) where special circumstances make such an award unjust. *See* 28 U.S.C. § 2412(d)(1)(A).

In this case, the government's position at the agency-level and before the district court was not substantially justified because of the ALJ's failure to develop the

record and the Commissioner's subsequent refusal to agree to a remand. Nonetheless, an award of attorney's fees would be unjust because plaintiff's counsel's effort to rectify the ALJ's failure was wholly inadequate. Moreover, the ALJ's failure to obtain medical records appears to have caused no injury to plaintiff. It would, therefore, be unjust to award plaintiff's counsel with attorney's fees where the new evidence offers little or no support to plaintiff's claim and plaintiff's attorney has also failed to develop a complete medical record.

To grant counsel fees in a case such as the present one would create a perverse incentive for a plaintiff's counsel to fail to develop the record at the administrative appeals level and before the district court if he or she has any doubt whether the additional records will support the client's claim. Put another way, rather than seeking to develop the record, a plaintiff's counsel might prefer to rest with an attack of an ALJ's failure to develop the record. In this way, counsel might strategize that an award of attorney's fees would be forthcoming even if the client's claim ultimately proved to be without merit.

The law should not promote such a wrong-headed incentive. Rather, it should encourage counsel to collect, in a timely manner, all the relevant information at the hearing or administrative appeal levels and, if it is not helpful, withdraw from further prosecution of the claim. It might be argued that counsel fees should be awarded in every case where the Social Security Administration fails to conduct a complete search for relevant medical records at the administrative level in order to foster agency policies and practices that will assure the obtaining of all relevant records at the earliest possible stage of the proceedings. But there have been enough remands for failure to obtain relevant medical records in those cases where the claims appear to have merit that there is no need to create a system of rewards that benefits counsel who obtain interim, but likely pyrrhic, victories for their client. It is also worth noting that criticisms have often been made of contingency fee arrangements because, on occasion, they appear to benefit lawyers more than injured plaintiffs. But even the most criticized contingency fee arrangement never results in a benefit solely to the lawyer. But that is precisely the result that is likely to occur here if attorney's fees are awarded because the prospects that the client here will prevail are limited. Surely, Congress did not, in enacting the EAJA, intend to create such anomalous outcomes, but that is exactly what would occur if attorney's fees are awarded across-the-board to counsel who merely obtain remands because of the SSA's failure to compile a full medical record. Accordingly, plaintiff's motion for attorney's fees should be denied.

### Conclusion

For the foregoing reasons, plaintiff's motion for attorney's fees is denied.