15-992-cr (L)
*United States v. Romano*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10ᵗʰ day of February, two thousand twenty-two.

PRESENT:   JOSÉ A. CABRANES,
           GERARD E. LYNCH,
           WILLIAM J. NARDINI,
                     *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                    *Appellee*,                          15-992-cr (L)
                                                         19-3507-cr (CON)
         v.                                              19-3573-cr (CON)
                                                         19-3815-cr (CON)
JOSEPH ROMANO, VINCENT ROMANO,
and KEVIN WELLS,

                    *Defendants-Appellants*,

SALVATORE ROMANO, MICHAEL
DIBARI, AKA Bob Atwell, BILL
GRAYSON, AKA Mark Vaith, and RUSSELL
BARNES, AKA Rusty, AKA Russ, AKA
Kevin Wells,
                    *Defendants.*\*

_____

_____

\*       The Clerk of Court is directed to amend the caption as set forth above.

1

FOR APPELLEE:                             Susan Corkery and Lauren Howard
                                          Elbert, Assistant United States Attorneys,
                                          *for* Mark J. Lesko, Acting United States
                                          Attorney for the Eastern District of New
                                          York, Brooklyn, NY

FOR DEFENDANT-APPELLANT JOSEPH ROMANO:
                                          Andrew H. Freifeld, New York, NY

FOR DEFENDANT-APPELLANT VINCENT ROMANO:
                                          Lawrence D. Gerzog, New York, NY

FOR DEFENDANT-APPELLANT KEVIN WELLS:
                                          Peter J. Tomao, Garden City, NY

Appeal from amended judgments, entered October 16, 2019, by the United States District Court for the Eastern District of New York (Sterling Johnson, Jr., *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the October 16, 2019 amended judgments of the District Court be and hereby are **VACATED** and that the cause be **REMANDED** to the District Court for further proceedings.

Defendants Joseph Romano, Vincent Romano, and Kevin Wells appeal amended judgments entered by the District Court ordering restitution, jointly and severally, in the amount of $19,070,401.25 (as to Joseph Romano and Vincent Romano) and $13,975,339.60 (as to Wells). In 2010, all three Defendants pleaded guilty to wire fraud conspiracy. After the case was reassigned to Judge Johnson,[1] the District Court referred the matter of restitution to Magistrate Judge Vera M. Scanlon. Magistrate Judge Scanlon conducting a hearing, and on January 6, 2015, she issued a report and recommendation ("R&R") recommending that the District Court order restitution jointly and severally in the amount of $13,975,339.60 as to Wells and jointly and severally in the amount of $19,070,401.25 as to the remaining Defendants. Vincent Romano and Wells filed timely objections to the R&R. After more than four and a half years, the District Court adopted the R&R's recommended restitution amounts and issued amended judgments on October 16, 2019. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

---

[1]     The case was reassigned after Joseph Romano's separate indictment for perpetrating a murder-for-hire conspiracy targeting the judge and the Government attorney handling the case at the time. *See United States v. Romano*, 630 F. App'x 56, 58 (2d Cir. 2015) (summary order) (affirming Joseph Romano's conviction for that offense following a jury trial).

# I.

All parties — including the Government — agree that the District Court erred by failing to properly review the R&R before adopting it on October 9, 2019. They disagree, however, on what the District Court's proper standard of review should have been; Defendants argue that their objections to the R&R should have been reviewed *de novo*, while the Government argues that those objections need only have been reviewed for clear error. In any event, all parties agree that the District Court's review of the R&R was insufficient and that remand is necessary, a conclusion with which we also agree.

## A.

While we assume the parties' familiarity with the case below, we find it useful to lay out a roadmap of events before the District Court in helping to explain our decision today. Magistrate Judge Scanlon issued her R&R on January 6, 2015, and Vincent Romano and Wells filed timely objections within two weeks. As background, the methods used to calculate the restitution awards recommended by the Magistrate Judge in the R&R were based on a methodology adopted by the same Magistrate Judge during earlier separate proceedings against Michael Romano and William Kearney, who had been involved in perpetrating a related scheme. In a decision dated July 27, 2015, we held that the same District Court — before whom the cases against Michael Romano and Kearney were then pending — had failed to perform a proper review of the report and recommendation prepared by Magistrate Judge Scanlon in that earlier case. *United States v. Romano*, 794 F.3d 317, 341 (2d Cir. 2015) ("*Michael Romano*").

In the instant case, the Government filed a letter on October 19, 2017 — more than 33 months after the R&R was issued — requesting that the District Court review the R&R, overrule the timely objections filed by Vincent Romano and Wells, and enter amended judgments adopting the R&R's recommended restitution amounts. District Court ECF No. 690. The Government wrote another letter on October 1, 2018 — now 45 months since the R&R was issued — asking the District Court to order restitution "as soon as practicable" and noting that "a number of victims in these cases are elderly and many of them have passed away in recent years, during the cases' pendency" and that "[r]estitution disbursements cannot be made to the victims until amended judgments, stating the correct amount of restitution imposed upon each defendant, are issued by the Court." District Court ECF No. 697. All the while, letters on behalf of numerous victims asking for a ruling on restitution were also received and ignored by the District Court.[2]

---

[2] *See, e.g.*, District Court ECF No. 696 (letter received May 15, 2018, from a victim of the fraud "beg[ging]" the District Court to order that restitution "be disbursed to the victims of this appalling

The District Court eventually set a status conference for February 6, 2019. At that conference, the Government again asked the District Court to adopt the R&R's findings and represented that once the Court ordered the restitution, there were "about five million dollars['] worth" of forfeited funds that the Government was prepared to disburse to victims. App'x 1014-15. The District Court promised to "look at [the R&R] again and if [it] adopt[ed] it, [it would] put it on ECF." *Id.* at 1016. The District Court set another conference for April 10, 2019, which it then adjourned until May 1, 2019, then to June 20, 2019, and then to October 9, 2019.[3] Finally, at the October 9, 2019 conference, the then-United States Attorney personally appeared on behalf of the Government, and noted that his office had "received a number of communications, letters, calls, . . . because the victims were elderly when the fraud was committed and it's been a number of years now, and they have really implored us to come before the Court and ask that the Court do anything it can to move the restitution order forward so that they can get the money from the restitution and at least try to somehow make better of the harm that they suffered." App'x 1057. The District Court then stated: "All right. I will adopt Magistrate Judge Scanlon's, who is a good magistrate judge, order." *Id.* at 1058. At this point, more than 57 months had passed since the R&R was first issued.

The District Court then issued amended judgments ordering restitution on October 16, 2019. In the amended judgments, the District Court ordered that Wells, Joseph Romano, and Vincent Romano all be held jointly and severally liable in the amounts recommended by the R&R, along with their co-Defendants Salvatore Romano, Thomas Arnold, and Michael Dibari. On the same day, October 16, 2019, the Government filed a letter citing our decision in *Michael Romano* and requesting that the District Court review Vincent Romano's and Wells's objections to the R&R for

---

crime"); District Court ECF Nos. 694 & 698 (letters received July 20, 2018, and December 26, 2018, from the son of a victim who passed away after the fraud asking about the status of the restitution); District Court ECF No. 695 (letter received July 26, 2018, from the son of a victim who passed away complaining that the "wheels of justice have turned glacially in this case"); District Court ECF No. 699 & 713 (letters received on January 2, 2019, and October 16, 2019, from the daughter of a victim of the fraud stating that her father, then aged 95, was "facing great financial strain," asking that the District Court "do whatever [it] can to expedite the restitution process," and "begging [the District Court] to please move this case forward and release the funds to the victims"); District Court ECF No. 700 (letter received on January 3, 2019, from a victim of the fraud "struggling to maintain financial liquidity" and asking the District Court for information about when restitution would be ordered); District Court ECF No. 705 (letter received January 16, 2019, from a victim of the fraud asking "when . . . the victims will be receiving some restitution for the losses inflicted upon us").

[3]     In two instances, family members of victims wrote letters to the District Court requesting it to not further adjourn the conference and expeditiously order restitution. *See* District Court ECF Nos. 708 & 713.

clear error before issuing another order adopting the R&R in its entirety. The District Court took no action in response to the Government's letter.

**B.**

We now turn to assessing the sufficiency of the District Court's review of the R&R in light of the timely filed objections by Vincent Romano and Wells. "If a party timely objects to any portion of a magistrate judge's report and recommendation, the district court must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *Michael Romano*, 794 F.3d at 340 (quoting 28 U.S.C. § 636(b)(1)); *see also* Fed. R. Crim. P. 59(b) (requiring a district judge to "consider de novo any objection to the magistrate judge's recommendation" for dispositive matters). *But see* Fed. R. Crim. P. 59(a) (stating that for a nondispositive matter, *i.e.*, "any matter that does not dispose of a charge or defense," the district judge "must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous"). The Government argues here that instead of *de novo* review, the District Court was merely obliged to review the timely filed objections for clear error because those objections were "perfunctory responses that simply rehashed arguments" already submitted to Magistrate Judge Scanlon. Gov. Br. 30 (citing *United States v. Peldomo*, No. 10-CR-69 (RRM) (ALC), 2010 WL 5071489, at *1 (E.D.N.Y. Dec. 7, 2010)). We find it unnecessary to decide at this juncture what standard of review the District Court was obliged to adopt in its review of the timely objections to the R&R because we conclude — as all parties here agree — that under either standard, the District Court's review was insufficient.

When assessing the sufficiency of a district judge's review of a magistrate judge's recommendation, we "normally presume that the district court has made [the proper] review unless affirmative evidence indicates otherwise." *Michael Romano*, 794 F.3d at 340 (internal quotation marks omitted). This presumption, however, has its limits. For example, in *Michael Romano*, the district court inquired as to whether a recommendation for forfeiture had been issued by the magistrate judge during a hearing. *Id.* at 340-41. When the Government attorney responded affirmatively, the district court immediately announced that it would adopt that recommendation. *Id.* We held there that the record of the hearing "effectively eliminate[d] the presumption that the court gave the recommendation proper consideration." *Id.* at 341. We additionally noted that the "absence of any discussion of defendants' objections . . . raise[d] a question as to whether the court" properly reviewed the recommendation. *Id.* We concluded in *Michael Romano* that remand was necessary to allow the district court to properly consider the recommendation and properly raised objections. *Id.*

Similarly, we conclude here that the record shows that the District Court failed to sufficiently review the R&R before adopting it. While the District Court did state that it had read the R&R and that it would "look at it again" during the February 6, 2019 conference, App'x 1015-16, there is nothing in the record showing that the District Court considered any of the timely filed objections

5

to the R&R.  Additionally, during the October 9, 2019 conference, the sole explanation given by the District Court as to its adoption of the R&R was that Magistrate Judge Scanlon "is a good magistrate judge."  App'x 1058.  Under these circumstances, we conclude that remand is necessary to allow the District Court to properly review the R&R in light of the objections raised by Vincent Romano and Wells.[4]  This remand will also allow the District Court to correct any clerical errors in the amended judgments issued on October 16, 2019.[5]

## C.

We briefly turn to Joseph Romano's request to join his co-Defendants' arguments challenging the sufficiency of the District Court's review of the R&R.  The Government argues that Joseph Romano failed to file a timely objection to the R&R in the District Court and is foreclosed from challenging the restitution order on appeal.  Joseph Romano maintains that he attempted to file a timely objection, but it was never received because his mail had been tampered with.  *See* Joseph Romano Br. at 9; District Court ECF No. 648.

Our longstanding rule is that "failure to object timely to a magistrate judge's report may operate as a waiver of any further judicial review of the decision."  *United States v. Male Juv. (95-CR-1074)*, 121 F.3d 34, 38 (2d Cir. 1997). That rule is a "nonjurisdictional waiver provision whose violation we may excuse in the interest of justice."  *Id.* (internal quotation marks omitted).  Because additional proceedings before the District Court are required in any event, we need not decide at this time whether to permit Joseph Romano to receive the benefit of whatever changes, if any, are made in response to his co-Defendants' objections.  Rather, we direct the District Court to consider on remand whether, to the extent that it decides to alter the restitution award based on the objections to the R&R raised by Vincent Romano and Wells, similar changes should also be made in the restitution award imposed on Joseph Romano.

## II.

Joseph Romano, who proceeded *pro se* during part of the proceedings below, now argues through appellate counsel that the District Court deprived him of his Sixth Amendment right to

---

[4]  The Defendants raise before us several substantive challenges to the restitution amounts recommended in the R&R.  We decline to address those challenges at this juncture and instead deem it appropriate for the District Court to rule on the timely raised objections to the R&R in the first instance.

[5]  In particular, Wells argues — and the Government concedes — that the amended judgments erroneously omitted certain co-Defendants from the list of Defendants held jointly and severally liable for the restitution amount.  *See* Wells' Br. 30-31; Gov. Br. 31-32.

counsel. While he was represented by various counsel through his sentencing, shortly thereafter, he indicated to the District Court his desire to proceed without counsel. The District Court conducted an inquiry pursuant to *Faretta v. California*, 422 U.S. 806 (1975), and no attorney made a subsequent appearance on his behalf.

On appeal, Joseph Romano points to three instances in which, while he was proceeding *pro se*, he argues that he requested but was denied counsel. First, he points to his letter to the District Court received May 1, 2013, in which he requested that the District Court set aside his plea and that the District Court appoint counsel "upon [its] decision in the said matter." App'x 269. The next day, by minute order, the District Court summarily denied the motion to set aside the guilty plea and denied the motion to appoint counsel. Second, he points to an April 16, 2014 conference before Magistrate Judge Scanlon, at which, in response to a suggestion by his co-Defendant's counsel that appointing CJA counsel for Joseph Romano would expedite the restitution proceedings, Joseph Romano requested such an appointment but refused to sign any financial affidavit for fear that he would be accused of "perjur[ing]" himself. *Id.* at 323. Third, he points to a letter motion received by the District Court on February 17, 2016, in which he "request[ed]" that the District Court "appoint counsel to represent him in this case." *Id.* at 1010. The cover letter for that February 17, 2016 letter motion, which was received the same day as a habeas petition pursuant to 28 U.S.C. § 2255, clarified that the request for counsel was made "due to the complexities of the ineffective assistance of counsel and conflict of interest . . . claims stated in [the] 2255 Petition." App'x 1012; *see also* District Court ECF Nos. 658 & 659.

We have previously held that "when a defendant who elected to proceed *pro se* later demands an attorney, there is broad consensus that, once waived, the right to counsel is no longer unqualified." *United States v. Kerr*, 752 F.3d 206, 220 (2d Cir. 2014) (citing cases). Accordingly, "once a defendant voluntarily and intelligently waives his right to counsel and elects to proceed *pro se*, the decision whether to grant or deny his post-waiver request for counsel is well within the discretion of the district court." *Id.* at 221 (internal quotation marks omitted). Still, we "will generally require a district court faced with a post-waiver motion for new counsel to inquire into the defendant's reasons for the request and fully explain on the record the grounds for its ultimate decision," though we do not "insist upon a formal inquiry or colloquy where the rationales for the request and decision are clearly apparent on the record." *Id.* (internal quotation marks omitted); *see also id.* at 222 (stating that "it would have been preferable for the district court to explain its reasons for denying the request," but concluding that the district court did not abuse its discretion because its reasons were "clearly apparent on the record" (internal quotation marks omitted)).

In light of those standards, we conclude that Joseph Romano was not deprived of his rights under the Sixth Amendment. His May 1, 2013 letter is fairly read as a conditional request for counsel to assist in the proceedings, including a possible trial, that would ensue in the event the District Court granted his request to "set[] aside Romano's Plea." App'x 269. The District Court did

not abuse its discretion in denying that request when it denied the motion to vacate the guilty plea. Similarly, the February 16, 2016 letter requested counsel to aid with the Section 2255 habeas petition, not with respect to the restitution proceedings. While the District Court's failure to rule on that request to date does cause us concern, Joseph Romano's right-to-counsel claim must fail for a separate reason: the Sixth Amendment provides no right to counsel in connection with habeas corpus review of a criminal conviction. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).

Finally, we conclude that the request made during the April 16, 2014 conference — the only request for counsel in connection with the restitution proceedings — was abandoned. While Joseph Romano stated that he sought representation from the CJA panel, he refused to sign a financial affidavit or otherwise carry his burden to prove his financial inability to retain counsel. Moreover, with no explicit ruling on his request, neither Joseph Romano nor his co-Defendants raised the issue of his representation with the District Court, or otherwise inquired as to the status of his request, at any time during the three-month period from that status conference through the date of the restitution hearing, or at any time thereafter before either the Magistrate Judge or the District Court. Joseph Romano continued to represent himself throughout the proceedings and expressed no dissatisfaction with doing so. Under those circumstances, to the extent Joseph Romano's statements during the April 16, 2014 conference could be understood as a post-waiver request for reappointment of new counsel, we find that he subsequently abandoned that request. As in *Kerr*, while "it would have been preferable for the district court to explain its reasons for denying the request," the District Court did not abuse its discretion because its reasons were "clearly apparent on the record." 752 F.3d at 222 (internal quotation marks omitted).

### III.

Finally, we conclude *nostra sponte* that this case should be reassigned upon remand. While generally, cases should be remanded to the same judge from whom the appeal originated, we have also recognized that "'in a few instances there may be unusual circumstances where both for the judge's sake and the appearance of justice,' an order of reassignment is appropriate." *Mackler Prods., Inc. v. Cohen*, 225 F.3d 136, 146-47 (2d Cir. 2000) (quoting *United States v. Robin*, 553 F.2d 8, 9-10 (2d Cir. 1977) (en banc)). We conclude that this is one of those rare cases.

We note that this is the second time we have reversed this same District Court for failure to properly review a magistrate judge's recommendation concerning restitution related to the same underlying fraud. *See Michael Romano*, 794 F.3d at 340-41. Indeed, in its October 16, 2019 letter to the District Court, the Government expressly alerted the District Court to our holding in *Michael Romano*, but the District Court declined to act in response to that letter. We have, in the past, found reassignment appropriate "where the district court has demonstrated something akin to an inability or unwillingness to follow the Circuit's direction." *Fed. Ins. Co. v. United States*, 882 F.3d 348, 373 (2d Cir. 2018); *see, e.g., Vincent v. Comm'r of Soc. Sec.*, 651 F.3d 299, 308 (2d Cir. 2011) (reversing a

8

magistrate judge's denial of fees to the same attorney on the same grounds twice in two years and ordering that the case be reassigned upon remand); *United States v. Hernandez*, 604 F.3d 48, 56 (2d Cir. 2010) (reassigning after a district judge had twice imposed the same sentence without making appropriate findings); *see also Robin*, 553 F.2d at 11 ("In the rare case where a judge has repeatedly adhered to an erroneous view after the error is called to his attention, reassignment to another judge may be advisable in order to avoid an exercise in futility in which the Court is merely marching up the hill only to march right down again." (cleaned up)).

Additionally, we note that in this case, victims of the underlying fraud — many of whom are elderly — have been eagerly waiting for several years for the possibility of restitution. It took 57 months for the District Court to rule on the R&R. In vacating the amended judgments ordering restitution, we worry about additional delays and the prejudice those delays may have on the many victims of the fraud perpetrated by Defendants.[6] Many of those victims have written to the District Court urging it to expeditiously resolve the matter, and we hope that reassignment can "preserve the appearance of justice" and facilitate a timely resolution of the restitution issue. *See Mackler Prods.*, 225 F.3d at 147 (concluding that reassignment was "meant to bring this matter to an expeditious and equitable conclusion in a manner designed to avoid any question, legitimate or not, about the justice of that conclusion").

**IV.**

For the foregoing reasons, the October 16, 2019 amended judgments of the District Court are **VACATED** and the cause is **REMANDED** for further proceedings, with instructions to the Clerk of the United States District Court for the Eastern District of New York to assign this case on remand to a different judge. Upon reassignment, the District Court is instructed to:

(1) Review the timely filed objections of Vincent Romano and Wells to the R&R under what it determines to be the proper standard of review;
(2) Correct any clerical errors in the amended judgments;

---

[6] We feel compelled to point out that many of the problems created in this appeal and the case below would have been avoided by the timely adjudication of motions on the District Court's docket. For example, on May 12, 2017, Joseph Romano's appellate counsel filed a motion before the District Court seeking access to sealed portions of the docket. With no ruling on that motion from the District Court, appellate counsel sought relief from us on July 30, 2017. A panel of this Court denied that motion without prejudice to its renewal "if the district court fails to rule on [the] motion within a reasonable time." ECF No. 87. Still, however, the District Court failed to rule on appellate counsel's motion. Appellate counsel renewed his motion before us on December 4, 2019, asking us to compel the District Court to release sealed portions of the docket to appellate counsel. With still no relief from the District Court, on April 14, 2020, a panel of this Court ordered the District Court to grant access to those sealed documents to appellate counsel.

(3) If appropriate, determine whether Joseph Romano may join Vincent Romano and Wells in their objections to the R&R to the extent that those objections alter the judgments; and

(4) Complete these actions and such other proceedings as may be required in the interest of justice within 90 days of the issuance of the mandate of this case.

At the close of those proceedings, any party seeking appellate review may file an appropriate letter with the Clerk of Court, in which case the mandate shall be automatically restored in the Court of Appeals. *See United States v. Jacobson*, 15 F.3d 19, 21-22 (2d Cir. 1994). In the interest of judicial economy, any further appeal shall be directed to this panel.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk